**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

ALAN PLOFSKY                                      :
    Plaintiff,                                  :
                                                  :       CIVIL ACTION NO.
v.                                               :       06-cv-0789(JCH)
                                                  :
ROSEMARY GIULIANO, ET AL.,                       :
    Defendants.                                 :       MAY 19, 2009
                                                  :

**RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION ON MOTION FOR
SUMMARY JUDGMENT (DOC. NO. 83)**

**I.      INTRODUCTION**

The plaintiff, Alan Plofsky, moves the court to reconsider its Ruling on

defendants' Motion for Summary Judgment.  The basis for Plofsky's Motion is that

reconsideration is appropriate because the court overlooked controlling law and

material facts in its Ruling.  Defendants oppose the Motion for Reconsideration, stating

that Plofsky's grounds for reconsideration do not meet the strict standard required to

grant such a motion.

**II.     STANDARD OF REVIEW**

The Second Circuit has held that "[t]he standard for granting [a motion for

reconsideration] is strict, and reconsideration will generally be denied unless the moving

party can point to controlling decisions or data that the court overlooked -- matters, in

other words, that might reasonably be expected to alter the conclusion reached by the

court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (citations

omitted).  There are three grounds that justify granting a motion for reconsideration: (1)

an intervening change in controlling law; (2) the availability of newly discovered

1

evidence; and (3) the need to correct clear error or prevent manifest injustice.  Virgin

Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992).  That the

court overlooked controlling law or material facts may also entitle a party to succeed on

a motion to reconsider.  Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d Cir. 2000)

(per curiam) ("To be entitled to reargument, a party must demonstrate that the Court

overlooked controlling decisions or factual matters that were put before it on the

underlying motion.") (internal quotation marks omitted).

## III.     DISCUSSION[1]

On March 31, 2009, this court issued an amended ruling granting in part and

denying in part defendants' Motion for Summary Judgment.  See Doc. No. 81.  The

court granted defendants' Motion on Plofsky's due process claim and denied the Motion

on his First Amendment Claim.[2]  Plofsky now moves the court to reconsider that ruling.

Plofsky raises three issues in his Motion for Reconsideration.  He argues that: (1) the

court failed to consider the fact that a reasonable jury could conclude that the pre-

termination hearing was a "sham" with respect to the due process claim; (2) the court

miscategorized the content of Plofsky's protected speech; and (3) the court failed to

consider Plofsky's First Amendment claim under the Petition Clause.  The court will

address each of these in turn.

### A.     Pre-Termination Hearing was a sham

Plofsky claims that the court failed to consider the fact that the Loudermill

---

[1] The court assumes familiarity with the facts and procedural posture of the case.  See Amended Ruling (Doc. No. 81).

[2] The court notes that defendants have filed an interlocutory appeal with the Second Circuit challenging the court's denial of defendants' defense of qualified immunity with respect to Plofsky's First Amendment Claim.

hearing was a "sham" because the defendants had determined to fire Plofsky in a

closed meeting two days prior.  In other words, Plofsky argues that the pre-termination

hearing was meaningless because the decision to fire Plofsky had already been made.

The court declines to grant the Motion for Reconsideration on these grounds.  As

Plofsky stated in his Motion, the standard for reconsideration is "strict."  Mem. in Supp.

at 2.  This claim does not satisfy the standard for reconsideration as Plofsky does not

demonstrate that there has been a change in controlling law, that there is newly

discovered evidence, or that the court needs to correct clear error or prevent manifest

injustice.  Virgin Atl. Airways, 956 F.2d at 1255.  The court did not overlook this

argument made by Plofsky, which was fully briefed in his Opposition to the Motion for

Summary Judgment.  In fact, the court addressed the sufficiency of the Loudermill

hearing and how the events that preceded (including the closed session meeting), see

Ruling at 27-28, and followed the hearing affected it.  See id. at 27-33.   Accordingly,

the court denies the Motion for Reconsideration on this ground.

   B.  Miscategorized Plofsky's speech

   Plofsky also argues that the court miscategorized the content of Plofsky's

protected speech.  He argues that the court should have included Adler's comments

that Plofsky was not provided appropriate notice.  He argues that failure to give notice

implicates FOIA requirements and, because the court ruled that the FOIA requirements

regarding public hearings is a matter of public concern, it should find that a violation of

FOIA's notice requirement is also on a matter of public concern.

   This ground fails to satisfy the strict standard for reconsideration.  The court did

consider the speech about whether or not Plofsky was provided adequate notice and

determined that it was not on a matter of public concern.  See, e.g., Ruling at 21.  The

court therefore denies Plofsky's Motion for Reconsideration on this ground.

       C.      Petition Clause

Finally, Plofsky argues that the court overlooked his arguments that his conduct,

not his speech, is protected under the Petition Clause of the First Amendment.  Plofsky

asserts that the court should have addressed the fact that Plofsky exercised his right to

petition, which is afforded separate constitutional protection.  Indeed, Plofsky is correct

in asserting that the court did not address his argument regarding the Petition Clause

specifically, which was raised in his Opposition to the Motion for Summary Judgment.[3]

The court agrees with Plofsky that this justifies reconsideration because it was clear

error.  Accordingly, the court will grant the Motion to Reconsider with respect to this

ground.  However, the court does not agree with Plofsky that, in reconsidering this

issue, the court should arrive at a different conclusion with respect to what speech or

conduct is protected by the First Amendment.

   "[A] right to defend oneself against a formal charge without being subjected to

retaliation by government officials may be easily derived . . . from the First Amendment

---

[3] Much of the reason for this arose during oral argument when the court asked Attorney Adler to state everything that is the object of the First Amendment cause of action.  Tr. Oral Arg.  5/4-17.  Adler, in response, listed various speech by either Plofsky or his attorney, as well as the fact that he hired a lawyer.  Adler did not, when asked to respond to this pointed question, argue that any other conduct was protected by the First Amendment.  However, Adler did briefly address the idea that the fact that Plofsky defended himself against the charges is an "amalgam of the right to petition," see Tr. Oral Arg. 43/8-9, though this was not in response to the court's inquiry as to what exactly Plofsky was arguing was protected under the First Amendment.

To add to the confusion, on January 20, 2009, at which time the Motion for Summary Judgment was still pending, Adler submitted a notice of supplemental authority to the court, see Doc. No. 72, in which Adler directed the court to Eng v. Cooley, 552 F.3 1062 (9th Cir. 2009), though he did not state the relevance of the case.  At oral argument, Adler stated that it was cited, at least in part, for the purpose of supporting the claim that the First Amendment protects conduct under the Petition Clause.  However, the issue was not fully addressed at Oral Argument, nor was the addition of Eng fully briefed.

right to petition the government."  Blue v. Koren, 72 F.3d 1075, 1082 n.3 (2d Cir. 1995);

see also Eng v. Cooley, 552 F.3d 1062, 1069 (9th Cir. 2009) ("the right to hire and

consult an attorney is protected by the First Amendment guarantee of freedom of

speech, association and petition."). Thus, Plofsky argues that the court must analyze

his hiring a lawyer and defending against the charges against him under the Petition

Clause.  However, "although the right to petition and the right to free speech are

separate guarantees, they are related and generally subject to the same constitutional

analysis."  Wayte v. United States, 470 U.S. 598, 610 n.11 (1985).  Thus, the same

analysis applies to this conduct that Plofsky claimed the court overlooked that applies to

the speech that the court did address.

　　Because the same analysis applies to the speech and conduct protected under

the Petition Clause, the outcome of the court's Ruling does not change.  First, the court,

while it did not mention the Petition Clause specifically, did address Plofsky's conduct

under the First Amendment analysis.  See, e.g., Ruling at 15-16 (outlining the

"statements and actions" that Plofsky claimed are protected by the First Amendment).

It specifically addressed the "act of hiring Adler to represent him," but ultimately found

that such conduct was not on a matter of public concern.  Second, the act of defending

himself, which, in this court's view is wrapped up in the act of hiring an attorney, is not

on a matter of public concern.  As the court noted in its Ruling--when taking into

account the content, form, and context of Plofsky's speech, and now in this case, his

conduct-- while his defending himself against the charges brought by the SEC was

newsworthy, "a generalized public interest in the fair or proper treatment of public

employees" is not enough to hold that the speech and conduct is on a matter of public

concern.  Ruotolo v. City of New York, 514 F.3d 184, 189 (2d Cir. 2008).  The act of

defending himself against the charges is not on a matter of public concern and thus,

does not alter this court's Ruling with respect to Plofsky's First Amendment claim.

## IV.    CONCLUSION

For the forgoing reasons, the court **GRANTS** the Motion for Reconsideration

(Doc. No. 83) in part so that the court can correct the clear error it made in not

specifically considering Plofsky's arguments under the Petition Clause, but **DENIES** the

Motion on all other grounds.  In reconsidering its Ruling, the court incorporates its

analysis above on the Petition Clause, but declines to amend the outcome of its Ruling

on the defendants' Motion for Summary Judgment.


**SO ORDERED.**

Dated at Bridgeport, Connecticut this 19th day of May, 2009.


 /s/ Janet C. Hall
Janet C. Hall
United States District Judge