UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALAN PLOFSKY<br>Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.<br>06-cv-0789(JCH) |
| ROSEMARY GIULIANO, ET AL.,<br>Defendants. | : | MAY 20, 2009 |

**RULING ON JOINT MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b) (DOC. NO. 89)**

## I. INTRODUCTION

On March 31, 2009, this court issued an amended Ruling on Defendants' Motion for Summary Judgment ("Ruling"), denying in part and granting in part the Motion. See Doc. No. 89. Specifically, the court denied the Motion with respect to the plaintiff's, Alan Plofsky, First Amendment claim and granted the Motion with respect to his due process claim. Defendants asserted a qualified immunity defense on both claims which this court rejected with respect to the First Amendment claim but did not reach on the due process claim. On April 16, 2009, defendants filed an appeal with the Second Circuit challenging its ruling that they were not entitled to qualified immunity on the First Amendment claim. The parties now jointly move this court pursuant to 28 U.S.C. § 1292(b) to certify for interlocutory appeal the other issues addressed by the court in its Ruling, namely its ruling that Plofsky's First Amendment claim survives summary judgment and his due process claim does not.

## II. STANDARD OF REVIEW

A district court's order certifying an interlocutory appeal under section 1292(b)

must state that it is "of the opinion" that the order satisfies three requirements: (1) it "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "that an immediate appeal may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

"Even where the three criteria are met, the court retains discretion to deny permission for interlocutory appeal . . . . " Kuzinski v. Schering Corp., 3:07cv233 (JBA), 2009 U.S. Dist. LEXIS 33021 at *4 (D. Conn. 2009) (brackets and internal quotations omitted). Indeed, the Second Circuit has cautioned that "'the power [to grant an interlocutory appeal] must be strictly limited to the precise conditions stated in the law.'" Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria, 921 F.2d 21, 25 (2d Cir. 1990) (brackets in original, citation omitted). "[U]se of this procedure should be strictly limited because 'only exceptional circumstances will justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" Flor v. BOT Fin. Corp., 79 F.3d 281, 284 (2d Cir. 1996) (quoting Klinghoffer) (citations omitted). "The use of §1292(b) is reserved for those cases where an immediate appeal may avoid protracted litigation." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865-66 (2d Cir. 1996) (citations omitted). Moreover, "interlocutory appeals are disfavored, and, because the procedure 'was not intended as a vehicle to provide early review of difficult rulings in hard cases,' a party seeking to appeal must demonstrate 'exceptional circumstances' justifying it." Kuzinski, 2009 U.S. Dist. LEXIS 33021 at *4 (quoting Williston v. Eggleston, 410 F. Supp. 2d 274, 276 (S.D.N.Y. 2006)).

## III. DISCUSSION[1]

### A. Controlling Question of Law

Other than qualified immunity, there are two issues that were decided in the Ruling that the parties now jointly request the court to certify. The first is what, if any, of the plaintiff's speech and conduct is protected by the First Amendment. In denying summary judgment on this claim, the court determined that some of Plofsky's claimed speech and conduct, though not all, was, as a matter of law, on a matter of public concern, and there were material issues of fact as to whether the element of causation was satisfied. The second is whether Plofsky was provided with adequate due process. In granting summary judgment on this claim, the court ruled that, despite the fact that Plofsky was not provided an opportunity to see the whistleblower Affidavits before the Loudermill hearing, he was provided with the Affidavits shortly after termination and had a chance to defend against them at both the reconsideration hearing and the post-termination hearing in front of the ERB. The parties request that the court certify for appeal the court's Ruling on Plofsky's due process claim. In determining whether these issues are appropriate for certification, the court will consider each of these questions separately.[2]

#### 1. First Amendment

"It is clear that a question of law is 'controlling' if reversal of the district court's

---

[1] The court assumes familiarity with the facts and procedural posture of the case. See Amended Ruling (Doc. No. 81).

[2] It bears noting that, if the court chooses to certify one question and not the other, the Second Circuit may still take up both issues if it wishes as the entire order would be certified. See City of New York v. Bloomberg, 524 F.3d 384, 391-392 (2d Cir 2008) (stating "When a district court certifies, pursuant to 28 U.S.C. § 1292(b), a question of controlling law, the entire order is certified and we may assume jurisdiction over the entire order, not merely over the question as framed by the district court.")

order would terminate the action." Klinghoffer, 921 F.2d at 24. The question regarding what speech and conduct of Plofsky's is protected by the First Amendment is not a controlling question. The court parsed out the speech and conduct claimed by Plofsky and determined which of the speech was on matters of public concern and which was not. An opposite conclusion could still result in denying the defendants' summary judgment (e.g., if it ruled that hiring an attorney was a matter of public concern, which it did not, summary judgment would still survive). Thus, a strict reversal of the court's Ruling on summary judgment would not necessarily terminate the action. However, if the Second Circuit ruled that none of Plofsky's speech was on a matter of public concern, then it would terminate the action.

2. Due Process

The question of whether Plofsky's post-termination hearing with the ERB satisfies the requirements of due process in the context of public employment is a controlling question. Had the court reached the opposite conclusion, that the post-termination hearing did not remedy the fact that Plofsky was not provided with the evidence against him before the Loudermill hearing, the court would not have granted summary judgment on this claim. Instead, Plofsky would be entitled to a trial on his due process claim. Thus, this is clearly a question of controlling law.

B. Substantial Ground for Difference of Opinion

As for the second factor:

> The mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient to demonstrate a substantial ground for difference of opinion. Rather, 'it is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is substantial ground for dispute.

Flor v. BOT Financial Corp., 79 F.3d 281, 284 (2d Cir. 1996) (citations omitted).

1. First Amendment

With respect to the First Amendment claim, the court stated in its Ruling that the question of which, if any, of Plofsky's speech and conduct was on a matter of public concern was a close one. Plofsky's termination was at once a highly publicized matter and a matter that addressed his own personal grievances. Ultimately, the court determined that Plofsky's speech regarding his right to have certain meetings in public was on matters of public concern because it directly affected the public. While this may be a question of first impression, because the court's research did not reveal any First Amendment cases in which a public employee's personal grievances were heavily reported in the local newspapers, there was substantial caselaw addressing similar issues. Accordingly, while another court may have ruled differently on the same facts, there is likely not "substantial ground for dispute" to satisfy the second element required to grant certification. Moreover, the parties in their Motion for Certification do not provide an explanation for why there is substantial ground for disagreement on this issue. Instead, the Motion states, without any analysis, "the question of legal argument put forth by the plaintiff regarding the relationship between the First Amendment's Speech and Petition Clauses also raises controlling questions of law as to which there is substantial ground for disagreement." Mot. for Cert. at 5.[3] Without more, the court is not convinced that there is substantial ground for disagreement with respect to the court's Ruling on the First Amendment claim.

[3] Plofsky filed a Motion for Reconsideration, which the court granted. The court agreed with Plofsky that it had not specifically addressed his argument under the Petition Clause that his conduct of defending himself and hiring a lawyer was protected under the First Amendment. However, it declined to alter the outcome of its Ruling as it held that such conduct was not on matters of public concern.

2. Due Process

The court does, however, think there is substantial ground for disagreement on the due process claim. Indeed, the court grappled with its decision on this claim. On the one hand, Cleveland Bd. Of Educ. v. Loudermill, 470 U.S. 532 (1985), is very clear regarding what process is due an employee prior to termination: oral and written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story. Moreover, the Second Circuit reiterated these requirement in Otero v. Bridgeport Housing Authority, 297 F.3d 142 (2d Cir. 2002), in which it explicitly states that, "due process does require that before being terminated an "employee [be given] oral or written notice of the charges against [him], an explanation of the employer's evidence, and an opportunity to present [his] side of the story." Id. (quoting Loudermill, 470 U.S. at 538-41) (emphasis in original). In Otero the employee was never provided with the evidence against her, and thus, according to the Second Circuit, she was denied procedural due process. It is undisputed that Plofsky was not provided with an explanation of the evidence against him (i.e., the whistleblower Affidavits) before the Loudermill hearing. Thus, if the court were to only consider the pre-termination process, and not the post-termination process Plofsky's due process, claim would have survived summary judgment.

However, upon review of other caselaw, it is this court's understanding that the post-termination process informs the necessary scope of the pre-deprivation procedures. Loudermill, 470 U.S. at 547 n. 12. For example, in Adams v. Thomas Association, 517 F.3d 124, 128 (2d Cir. 2008), the Second Circuit suggests that, in the context of public employees with full post-termination procedures, notice of the

termination is sufficient pre-termination process. See also Van Wormer v. City of Rensselaer, 293 Fed. Appx. 783 (2d Cir. 2008) (stating that employee "failed to identify any inadequacy in the process that he was due and received after the disciplinary charges were brought" against him.) (emphasis added). Further, in Loudermill, the court rested its ruling in part on the fact that extensive post-deprivation proceedings were afforded the employee. 470 U.S. at 548 n.12 ("the existence of post-termination procedures is relevant to the necessary scope of pre[-]termination procedures."); see also Locurto v. Safir, 264 F.3d 154, 171 (2d Cir. 2001) ("when such a public employee is terminated, procedural due process is satisfied if the government provides notice and a limited opportunity to be heard prior to termination, so long as a full adversarial hearing is provided afterwards."). In arriving at its decision, the court ultimately distinguished Otero from Plofsky's case because in Otero the employee was never provided the evidence against her whereas Plofsky was eventually provided with the Affidavits, though not before the Loudermill hearing, and was provided an opportunity to address the Affidavits at the reconsideration hearing and at the ERB post-termination hearing. While the court was able to distinguish Otero, it believes there is substantial ground for difference of opinion as to whether the post-termination hearing satisfies the due process requirements outlined in Loudermill.

C. Possible Material Advancement of End of Litigation

As it stands now, the trial on Plofsky's First Amendment claim cannot proceed until the Second Circuit decides the defendant's qualified immunity appeal. Thus, if the court certifies both of the questions, then the parties would avoid having to potentially go to trial twice. In other words, if the Second Circuit determines that the defendants

are entitled to qualified immunity on the First Amendment claim, then a final judgment would issue and the plaintiff would appeal this court's Ruling on the due process claim. If the Second Circuit affirms this court's determination that defendants are not entitled to qualified immunity, then a trial will proceed on the First Amendment claim and the parties, after final judgment, will likely appeal (at least) the due process claim. See Mot. for Cert. at 5-6. Thus, if the court grants certification on both of the remaining issues from the Ruling on Summary Judgment, it will likely avoid significant expenditure of unnecessary resources.

It is this court's opinion that all of the elements for certification are met with respect to the due process claim. However, the court finds there is insufficient basis to grant the motion for certification as to the First Amendment claim. It bears noting that, assuming the Second Circuit agrees with the decision to certify the due process claim, it may then exercise jurisdiction over any other material issue in the court's Order, including whether Plofsky's speech and conduct was on matters of public concern. Indeed, given defendants' pending appeal on the issue of qualified immunity, the Second Circuit will have before it nearly all of the issues in the case. Thus, the Second Circuit may decide to address the First Amendment issue to maximize judicial economy. However, this court cannot find that the "precise conditions stated in the law," Klinghoffer, 921 F.2d at 25, for certification of the First Amendment claim pursuant to section 1292(b) are present.

## IV. CONCLUSION

For the forgoing reasons, the court **GRANTS** in part and **DENIES** in part the joint Motion for Certification (Doc. No. 89). It grants the parties permission to appeal the

court's Ruling on the due process claim but denies certification of the court's ruling on the First Amendment claim.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 20th day of May, 2009.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge